IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SNOWSHED, LLC, | )<br>) |
| Plaintiff, | ) Case No. 18-cv-01191<br>) |
| v. | ) **JURY TRIAL DEMANDED**<br>) |
| SNOW SHED WAX COMPANY LLC, | )<br>) |
| Defendant. | )<br>) |

## COMPLAINT

Plaintiff Snowshed, LLC ("Plaintiff") hereby brings the present action against Defendant Snow Shed Wax Company LLC ("Defendant") and allege as follows:

### I. NATURE OF THE ACTION

1. This is an action for trademark infringement and counterfeiting of Plaintiff's U.S. trademark rights in violation of 15 U.S.C. § 1114, infringement of Plaintiff's common law trademark rights, and unfair competition and false designation of origin, sponsorship or approval in violation of 15 U.S.C. § 1125(a).

### II. PARTIES

2. Plaintiff Snowshed, LLC is a company organized and existing under the laws of the State of Illinois, having its principal place of business at 217 Rockford Avenue, Forest Park, Illinois 60130.

3. Upon information and belief, Defendant Snow Shed Wax Company LLC is a company organized and existing under the laws of the State of Colorado, having its principal place of business at 1866 Highway 133, Carbondale, Colorado 81623.

### III. JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331. This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant pursuant to 28 U.S.C. § 1391(b)-(c), because Defendant directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive, commercial website at snowshedwax.com. Specifically, Defendant is reaching out to do business with Illinois residents by operating a commercial, interactive website through which Illinois residents can purchase products using a trademark confusingly similar to the Plaintiff's federally registered SNOWSHED trademark. Defendant is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

### IV. PLAINTIFF'S PRODUCTS AND SNOWSHED TRADEMARK

6. In 2014, Colin Wischweh founded Snowshed, LLC. Mr. Wischweh learned through years as an avid skier, snowboarder, and adventurer the types of fabric that work best as base layers in the cold, the mountains, and winter sports. After extensive research, design, and testing, Plaintiff developed superfine Merino wool base layers and apparel, which it now offers for sale and sells through its website at snowshedusa.com. Plaintiff's main focus was to create a soft and breathable one-quiver line of thermals with all of its cut, sewing, and trim operations taking

place in the United States. Plaintiff's products have the Woolmark Certification, which is the world's most prestigious wool certification. This mark provides Plaintiff's customers with guaranteed fiber content and the assurance of premium quality.

7. Plaintiff's products have been featured in the press as a result of their function, durability, and usefulness. For example, Plaintiff's "3-Season Helmet Beanie" was recognized by *Outside Magazine* in its article titled "The Best Winter Hats of 2018" as the "top of our list for high-output winter activities." Plaintiff's "3-Season Helmet Beanie" was also featured in the January 2018 edition of *Wired Magazine*.

8. Plaintiff uses the SNOWSHED trademark in connection with the sale and marketing of its branded goods. The following mark, which is referred to herein as the "SNOWSHED Trademark" has been registered with the United States Patent and Trademark Office.

| Registration Number | Trademark | Goods and Services |
|---|---|---|
| 4,835,556 | SNOWSHED | For: Clothing for men, women, and children, namely, tops, bottoms, pullovers, scarves, shirts, sweatshirts, singlets, tank tops, socks, sweaters, tee shirts, underclothes, base layers, boxer shorts, briefs, underpants, underwear, thermal underwear, camisoles, shorts, pants, jackets, coats, gloves, mittens, jerseys, jumpers, vests, leggings, neck warmers, and gloves; headgear, namely, caps, hats, beanies, skull caps, balaclavas |

9. The above U.S. registration for the SNOWSHED Trademark is valid, subsisting, and in full force and effect. The registration for the SNOWSHED Trademark constitutes *prima facie* evidence of its validity and of Plaintiff's exclusive right to use the SNOWSHED Trademark pursuant to 15 U.S.C. § 1057(b). A true and correct copy of the U.S. Registration Certificate for the above-listed SNOWSHED Trademark is attached hereto as **Exhibit 1**.

10. The SNOWSHED Trademark is distinctive when applied to Plaintiff's products, signifying to the purchaser that the products come from Plaintiff and are made to Plaintiff's high-quality standards. The SNOWSHED Trademark is also exclusive to Plaintiff, and is displayed extensively online at Plaintiff's snowshedusa.com website and on Plaintiff's social media accounts, on Plaintiff's products and packaging, and on Plaintiff's marketing and promotional materials. As a result, Plaintiff expends thousands of dollars annually in advertising and marketing featuring the SNOWSHED Trademark.

11. Plaintiff has expended substantial time, money, and other resources in developing, advertising and otherwise promoting and protecting the SNOWSHED Trademark. As a result, the SNOWSHED Trademark has developed considerable consumer and public recognition. The outstanding reputation and significant goodwill associated with Plaintiff's brand have made the SNOWSHED Trademark an invaluable asset to Plaintiff.

## V. DEFENDANT'S UNLAWFUL CONDUCT

12. In or about January 2018, Plaintiff became aware of Defendant's use of a trademark confusingly similar to the SNOWSHED Trademark ("Infringing SNOWSHED Trademark") as part of its company name, as a mark for wax products and clothing that Defendant sold, and as part of its domain name snowshedwax.com. Defendant also used a trademark confusingly similar to the SNOWSHED Trademark on the website at snowshedwax.com. Further, the marks used by Defendant were studied imitations and counterfeits of the SNOWSHED Trademark.

13. Figures 1 through 3 below exemplify that fact that the Infringing SNOWSHED Trademark is confusingly similar to the SNOWSHED Trademark. Further, Figure 2 also exemplifies Defendant's counterfeiting of the SNOWSHED Trademark owned by Plaintiff.



**Figure 1: snowshedwax.com**



**Figure 2: Snow Shed Hat sold at snowshedwax.com**



**Figure 3: Anti-Stick Spray sold at snowshedwax.com**

14. On January 16, 2018, upon learning of Defendant's use of the trademark in connection with goods identical and/or related to those offered by Plaintiff under its SNOWSHED Trademark in a manner that targets the same consumers, Plaintiff sent Defendant a letter demanding that Defendant immediately cease any unauthorized use of Plaintiff's SNOWSHED Trademark.

15. On January 23, 2018, Peter Arlein, Founder & CEO of Defendant, responded to Plaintiff's letter. Mr. Arlein indicated that Defendant had no interest in moving into the clothing sector, and that he was interested in entering into a coexistence agreement. Despite this representation, Plaintiff subsequently found that Defendant was using the Infringing SNOWSHED Trademark on clothing.

16. On January 24, 2018, Plaintiff replied to Mr. Arlein's correspondence, again demanding that Defendant cease use of the Infringing SNOWSHED Trademark, and indicating that Defendant was using the Infringing SNOWSHED Trademark on clothing.

17. Upon information and belief, Defendant has, without any authorization, license, or other permission from Plaintiff, used a trademark confusingly similar to the federally registered SNOWSHED Trademark, in connection with the advertisement, distribution, offering for sale, and sale of products in the United States and Illinois.

18. Upon information and belief, Defendant's use of the Infringing SNOWSHED Trademark, a trademark confusingly similar to the federally registered SNOWSHED Trademark, in the advertisement, distribution, offering for sale, and sale of products was willful.

19. Defendant's willful use of the Infringing SNOWSHED Trademark in connection with the advertisement, distribution, offering for sale, and sale of products is likely to cause and has caused confusion, mistake, and deception by and among customers of Plaintiff and is irreparably harming Plaintiff.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT AND COUNTERFEITING
## (15 U.S.C. § 1114)

20. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 19.

21. This is a federal trademark infringement action against Defendant based on its unauthorized use in commerce of the Infringing SNOWSHED Trademark, a trademark confusingly similar to the federally registered SNOWSHED Trademark, in connection with the sale, offering for sale, distribution, and/or advertising of competing goods. The SNOWSHED Trademark is a highly distinctive mark. Consumers have come to expect the highest quality from Plaintiff's products offered, sold or marketed under the SNOWSHED Trademark.

22. Defendant has sold, offered to sell, marketed, distributed and advertised, and are still selling, offering to sell, marketing, distributing and advertising products using the Infringing

SNOWSHED Trademark, a trademark confusingly similar to the federally registered SNOWSHED Trademark.

23. Further, Defendant has sold, offered to sell, marketed, distributed and advertised, and are still selling, offering to sell, marketing, distributing and advertising products using counterfeit reproductions of goods with the SNOWSHED Trademark without Plaintiff's authorization.

24. Plaintiff is the exclusive owner of the SNOWSHED Trademark. Plaintiff's United States Registration for the SNOWSHED Trademark is in full force and effect. Since at least as early as January 16, 2018, Defendant has had actual knowledge of Plaintiff's rights in the SNOWSHED Trademark, and are willfully infringing and intentionally using the Infringing SNOWSHED Trademark, a trademark confusingly similar to the federally registered SNOWSHED Trademark. Defendant's willful, intentional and unauthorized use of the Infringing SNOWSHED Trademark is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Defendant's products among the general public.

25. Defendant's activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

26. Plaintiff has no adequate remedy at law, and if Defendant's actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its well-known SNOWSHED Trademark.

27. The injuries and damages sustained by Plaintiff have been directly and proximately caused by Defendant's wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Defendant's products.

## COUNT II
## COMMON LAW TRADEMARK INFRINGEMENT

28. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 27.

29. The SNOWSHED Trademark has been used in commerce exclusively and continuously by Plaintiff and its predecessors since at least December 22, 2014. Through Plaintiff's and its predecessors' extensive and continued use of the SNOWSHED Trademark, the SNOWSHED Trademark has become highly distinctive, and consumers have come to expect the highest quality from Plaintiff's goods offered, sold or marketed under the SNOWSHED Trademark.

30. Defendant has sold, offered to sell, marketed, distributed and advertised, and are still selling, offering to sell, marketing, distributing and advertising products using the Infringing SNOWSHED Trademark, a trademark confusingly similar to the SNOWSHED Trademark, without Plaintiff's authorization.

31. Since at least as early as January 16, 2018, Defendants have had actual knowledge of Plaintiff's rights in the SNOWSHED Trademark, and are willfully infringing and intentionally using the Infringing SNOWSHED Trademark, a trademark confusingly similar to the SNOWSHED Trademark. Defendants' willful, intentional and unauthorized use of the Infringing SNOWSHED Trademark is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Defendant's products and services among the general public.

32. Defendant's activities constitute willful trademark infringement of Plaintiff's common law trademark rights.

33. Plaintiff has no adequate remedy at law, and if Defendant's actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its well-known SNOWSHED Trademark.

34. The injuries and damages sustained by Plaintiff have been directly and proximately caused by Defendant's wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Defendant's products and services.

## COUNT III
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

35. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 34.

36. Defendant's promotion, marketing, offering for sale, and sale of products using the Infringing SNOWSHED Trademark has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of the Defendant's products by Plaintiff.

37. By using the Infringing SNOWSHED Trademark, a trademark confusingly similar to the SNOWSHED Trademark, in conjunction with Defendant's products, Defendant creates a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Defendant's products.

38. Defendant's false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Defendant's products to the general public involves the use of a confusingly similar mark and is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

39. Plaintiff has no adequate remedy at law, and if Defendant's actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its well-known SNOWSHED Trademark.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1) That Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

    a. using, selling, offering for sale, holding for sale, distributing, transferring, shipping, marketing, advertising or promoting any goods or services under or in connection with the Infringing SNOWSHED Trademark, or any other mark confusingly similar to the SNOWSHED Trademark;

    b. committing any acts calculated to cause consumers to believe that Defendant's products are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    c. further infringing the SNOWSHED Trademark and damaging Plaintiff's goodwill; and

    d. otherwise competing unfairly with Plaintiff in any manner;

2) That Defendant immediately suspend or transfer to Plaintiff the domain name that includes the SNOWSHED Trademark;

3) That Defendant accounts for and pays to Plaintiff all damages and profits (including as provided by 15 U.S.C. §1117, and at common law) realized by Defendant by reason of Defendant's unlawful acts alleged herein, and that the amount of damages for infringement of

the SNOWSHED Trademark be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

4) In the alternative, that Plaintiff be awarded statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every use of the SNOWSHED Trademark;

5) That Plaintiff be awarded its reasonable attorneys' fees and costs; and

6) That this Court award any and all other relief that it deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Dated this 15th day of February 2018.  Respectfully submitted,

/s/ Allyson M. Martin_____
Steven P. Fallon
Christopher S. Hermanson
Allyson M. Martin
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
sfallon@gbc.law
chermanson@gbc.law
amartin@gbc.law

*Counsel for Plaintiff*